IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DANIEL DEFENSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| REMINGTON OUTDOOR COMPANY, | ) | |
| INC., REMINGTON ARMS COMPANY, | ) | DEMAND FOR JURY TRIAL |
| LLC, and RA BRANDS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Daniel Defense, Inc. (hereinafter referred to as "Daniel Defense" or "Plaintiff") states the following as and for its Complaint against Defendants Remington Outdoor Company, Inc., Remington Arms Company, LLC, and RA Brands LLC (hereinafter collectively referred to as "Remington" or "Defendants"), and alleges as follows:

### NATURE OF THIS ACTION

1.      This is an action for federal unfair competition under Section 43(a) of the Lanham Act (15 USC §1125(a)); deceptive trade practices in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*; common law trademark infringement; and unfair competition in violation of Georgia common law, against Defendants, for Defendants' unfair competition and infringement, misappropriation, illicit commercial use and tortious exploitation of Daniel Defense's "V3" trademark on or in connection with the sale of firearms.  Defendants' actions entitle Plaintiff to injunctive relief, damages and/or infringer's profits, increased

damages, punitive damages under state law, recovery of Plaintiff's costs and reasonable attorneys' fees incurred, and any such other relief as the Court may deem appropriate.

## PARTIES

2.      Plaintiff, Daniel Defense is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business located at 101 Warfighter Way, Black Creek, GA 31308.  Daniel Defense is a manufacturer, distributor and seller of firearms and firearms accessories in the United States (with product distribution throughout the world).  Daniel Defense also has a manufacturing facility in Ridgeland, South Carolina.

3.      Upon information and belief, Defendant Remington Outdoor Company is a corporation organized and existing under the laws of the state of North Carolina, with its main corporate office located at 870 Remington Drive, Madison, NC 27025 USA.

4.      Upon information and belief, RA Brands, LLC and Remington Arms Company, LLC are each limited liability companies organized and existing under the laws of the state of North Carolina, with their main corporate office located at 870 Remington Drive, Madison, NC 27025.  And further upon information and belief, Remington Arms Company, LLC is a member of the limited liability company RA Brands, LLC.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States); and 28 U.S.C. § 1138 (actions arising under an Act of Congress relating to trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over the Defendants because the Defendants transact business, have engaged in trademark infringement, derive substantial revenue and have otherwise established contacts all within this jurisdiction, and thus making the exercise of personal jurisdiction by this Court proper.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events and/or omissions giving rise to the claim have occurred within this jurisdiction.

## FACTUAL BACKGROUND

**A.     Daniel Defense and Its Mark.**

8.     Plaintiff is a manufacturer, distributor and seller of firearms and firearms accessories in the United States, and with product distribution throughout the world.

9.     Plaintiff owns valid and enforceable trademark rights in its trademark "V3" (commonly referred to as "V3" or "V3 trademark" or "Daniel Defense V3 trademark") for its use on firearms.

10.     Since at least as early as January 2010, Plaintiff has continuously used its distinctive V3 trademark in interstate commerce in connection with the sale of firearms. Additionally, with over five (5) years of use in interstate commerce, Plaintiff has acquired yet further secondary meaning in and to its V3 trademark, one example of which is shown as follows:



*See,* https://danieldefense.com/firearms/daniel-defense-m4-carbine-v3.html.

11.     On April 15, 2015, Daniel Defense filed with the United States Patent and Trademark Office ("USPTO") an application to register its V3 trademark for use on "Firearms" in International Class 013, and alleging therein a date of first use in commerce and anywhere of at least as early as January 25, 2010, as follows:



( Use the "Back" button of the Internet Browser to return to TESS)



| Word Mark | V3 |
|---|---|
| Goods and Services | IC 013. US 002 009. G & S: Firearms. FIRST USE: 20100124. FIRST USE IN COMMERCE: 20100124 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 86598503 |
| Filing Date | April 15, 2015 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Owner | (APPLICANT) **Daniel Defense**, Inc. CORPORATION GEORGIA 101 Warfighter Way Black Creek GEORGIA 31308 |
| Attorney of Record | Justin Charles Ward |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

*See,* http://tmsearch.uspto.gov.

12.     The V3 trademark application includes the following specimens of record:





*See,* http://tmsearch.uspto.gov.

13.    Plaintiff has expended significant resources in promoting, marketing and advertising in its V3 trademark and associated goods.

**B.    Defendants' Use and Misappropriation of Daniel Defense's V3 Trademark.**

14.    Defendants are in the firearms manufacturing, sales and distribution business.

15.    Defendants offer goods (*e.g.,* firearms) for sale within this jurisdiction.

16.    Defendants use the identical "V3" mark on firearms and on their website, which is confusingly similar to the Daniel Defense V3 trademark, thus creating customer confusion as to source of origin of its products.  Specifically, Defendants use of the infringing "V3" mark on their website is as follows:

**V3** Field Sport

We are proud to say the finest autoloaders in the world aren't made in Italy, Belgium or Japan. They're built right here. With the addition of the lightweight, 3"-capable **V3** to our lineup, every possible hunting or sporting application is now under the reign of our Versaport gas system. The **V3** incorporates the system's unfailing reliability and super soft recoil into a sleek platform with

the athletic handling and pointability that have made Remington autos an icon in the field. From lightweight 2 ¾" target loads to the hardest-hitting 3" mags, it cycles them all with the same unrelenting consistency. Choose from durable synthetic stocked models in all black or decked butt to bore in Mossy Oak® Blades™ camo. For traditional good looks, the **V3** is also available with American walnut woodwork and a rich satin finish. All are equipped with an adjustable length of pull system to create a custom fit for any shooter. And the next generation of the most enduring, most innovative legacy in autoloaders. Built in the land where the best shotgun wins. *See,* http://www.remington.com/product-families/firearms/shotgun-families/v3-field-sport.aspx.



*Id.*

17.    Defendants use the identical "V3" mark on firearms, which use is confusingly similar to the Daniel Defense "V3" trademark, specifically on the firearms' handguard.



7

18.     The largest tradeshow in the firearms industry is the Shot Show at the Sands Expo Center in Las Vegas, Nevada.  The Shot Show 2015 included 1,600 exhibitors, more than 65,000 attendees and had more than 630,000 square feet of show floor space.

19.     At the 2015 Shot Show, the Defendants prominently featured the purloined Daniel Defense "V3" trademark and thus created further customer confusion.  One such example is as follows:



*See,*   http://www.realtree.com/guns-and-shooting/galleries/new-guns-and-ammo-from-the-2015-shot-show.

20.     And, at the very same 2015 Shot Show, Daniel Defense had also introduced new products and had displayed the well-known Daniel Defense "V3" trademark for use on firearms.

21.    Defendants have also used the Daniel Defense V3 trademark in their advertising

materials (including the 2015 Remington online Product Catalog).[1]





---

[1] Remington did not offer hard copy print catalogs at Shot Show 2015.



*See,* http://viewer.zmags.com/publication/27f2b9ad#/27f2b9ad/7.

22.     In addition, Remington has yet further compounded the confusion, created by its infringement, by commissioning and/or authorizing interviews and brand positioning on YouTube®, for example:



*See,* https://www.youtube.com/watch?v=9NrK6Zfws8w.

Other examples include:
- https://www.youtube.com/watch?v=dDmAtw-hiYY
- https://www.youtube.com/watch?v=G3I0UZucRVo
- https://www.youtube.com/watch?v=GGwjvuj1LvU
- https://www.youtube.com/watch?v=H62EOhlPEso
- https://www.youtube.com/watch?v=Jl4XsQy02kU
- https://www.youtube.com/watch?v=W_T5uV_qLj4
- https://www.youtube.com/watch?v=Wgbm6NsMzBI
- https://www.youtube.com/watch?v=wr3aKqQ1kIQ
- https://www.youtube.com/watch?v=wRdjmhLQiuw

23.     Remington has also compounded the consumer confusion created by its infringement by placing and/or authorizing inclusion of Daniel Defense's V3 trademark/Hashtag #V3 on social media sites (including Facebook®, and others).



*See,* https://www.facebook.com/remingtonarmscompany?rf=108305192524256.

24. Remington has yet further compounded the consumer confusion created by its infringement by placing and/or authorizing inclusion of Daniel Defense's V3 trademark on firearm-dedicated blogs, such as:



*See,* http://www.thefirearmblog.com/blog/2014/12/31/review-new-2015-remington-v3-shotgun/.

*See also,*

- http://www.thefirearmblog.com/blog/2014/12/31/review-new-2015-remington-v3-shotgun/.
- http://www.fieldandstream.com/blogs/the-gun-nuts/new-semi-automatic-shotgun-remington-v3.
- http://www.fieldandstream.com/blogs/the-gun-nuts/new-semi-automatic-shotgun-remington-v3.
- http://blog.uspatriottactical.com/new-2015-remington-v3/.
- http://loadedgear.com/blog/review-remington-v3-field-sport/.
- http://www.outdoorlife.com/blogs/gun-shots/gun-lab-remington-v3-shotgun.
- http://www.reddit.com/r/Shotguns/comments/2u8oqu/my_autoloader_debacle_also_new_remington_v3/.

among many, many others.

25.     Remington has also has compounded the consumer confusion created by its infringement by placing and/or authorizing inclusion of Daniel Defense's V3 trademark on and within the firearms press (both electronically and in print medium), such as:

- http://www.gameandfishmag.com/shot-show-2015/introducing-new-remington-v3/.
- http://www.petersenshunting.com/gear-accessories/remington-v3-shotgun-review/.
- http://www.personaldefenseworld.com/2015/01/remington-v3-new-american-autoloader-shotgun/#r.

among many others.

26.     As a yet further act of intentional misappropriation, on February 26, 2014, Remington (through its affiliate RA Brands LLC, 870 Remington Drive Madison, NC 27025) filed in the United States Patent and Trademark Office ("USPTO") an application to register the infringing "V3" mark for use on "Firearms" in International Class 013, and did so as an intent-to-use application (which was then published for opposition on December 9, 2014).



*See,* http://tmsearch.uspto.gov.

27.     In so doing, the Defendants represented to the USPTO (via a paper filed on October 10, 2014) that:

In response to the Office Action dated June 2, 2014, Applicant submits that apart from its significance as a trademark identifying Applicant's goods, V3 has no

<u>significance in the relevant trade or industry nor does it refer to a class or type of</u> <u>firearm within the industry.</u> (emphasis added).

*Available at,*
http://tsdr.uspto.gov/documentviewer?caseId=sn86204307&docId=ROA20141011170551#docIndex=8&page=1.

28.     Thus, Defendants' infringing use of Daniel Defense's V3 trademark (which upon information and belief is intentional and willful) misappropriates the <u>entirety</u> of the Daniel Defense V3 trademark.  Defendants do so wherein the infringing V3 mark is tortiously misused in direct association with the sale of the <u>same goods</u>, in the <u>same markets</u>, and to the <u>same class</u> of customers as the Plaintiff.


**FIRST CAUSE OF ACTION**
**(Federal Unfair Competition under 15 U.S.C. § 1125(a))**

29.     Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30.     This is a claim for federal unfair competition regarding Daniel Defense's (as yet unregistered) trademark, as depicted and described herein.

31.     Defendants' conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby the purchasing public and others would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Plaintiff, in violation of 15 U.S.C. § 1125(a).  Defendants conduct also constitutes an attempt to trade on the goodwill that Plaintiff has developed in the Daniel Defense V3 trademark, all to the damage and detriment of Plaintiff.

32.     Defendants' conduct has caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff.

33.     Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
**(Violation of O.C.G.A. § 10-1-370 *et seq.* "Uniform Deceptive Trade Practices Act")**

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

35.     Defendants' conduct is likely to cause confusion and misunderstanding among consumers in the state of Georgia.  Defendants' conduct constitutes a violation of O.C.G.A. § 10-1-370 *et seq.*  Specifically, Defendants' conduct is causing a likelihood of confusion about: (1) the source, sponsorship, approval or certification of its goods with that of the Plaintiff; and (2) affiliation, connection or association with or certification with the Plaintiff.

36.     As a result of Defendants' conduct, Defendants have monetarily profited and have caused Daniel Defense monetary damage, as well as irreparable harm and injury.  Daniel Defense is likely to continue to be so damaged unless Defendants are restrained and enjoined by this Court from further violation of Plaintiff's rights.

37.     Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
**(Unfair Competition under Georgia Common Law)**

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

39.     On information and belief, Defendants' conduct is an attempt to encroach upon the business of the Plaintiff, by the use of a mark identical to that of Daniel Defense, with the likely result of deceiving and misleading the public.

40.     On information and belief, Defendants' conduct is of the nature and probable tendency and effect of which is to create a likelihood of confusion and/or to deceive the public as to pass off the Defendants' goods as and for the goods of the Plaintiff.

41.     As a result of Defendants' conduct, in addition to having created a continuing likelihood of confusion, Defendants have monetarily profited and have caused Daniel Defense monetary damage, as well as irreparable harm and injury.  Daniel Defense is likely to continue to be so damaged unless Defendants are restrained and enjoined by this Court from further violation of Plaintiff's rights.

42.     Plaintiff has no adequate remedy at law.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on any issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief that:

a.      Judgment be entered in favor of Plaintiff against Defendants as to each of the above claims for relief;

b.      Defendants (and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants), be preliminarily and permanently enjoined from any use of the Daniel Defense V3 trademark (and any confusingly similar variations thereof) in connection with using, manufacturing, advertising, promoting, selling or offering for sale, firearms and firearms accessories, in any tangible and/or

intangible form(s) (including advertisements, online and print product catalogs, tradeshow materials, advertising banners, sales or website materials, social media sites and online in any form whatsoever);

     c.    Defendants be directed to file with the Court and serve Plaintiff, no less than thirty (30) days after issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

     d.    Defendants be directed to destroy any and all firearms, and any and all documents, literature, advertising, banners, logoed advertising vehicles, and online materials bearing the Daniel Defense V3 trademark and any variants thereof, in connection with the sale of firearms and firearms accessories;

     e.    Defendants be ordered to pay to Plaintiff the costs of this action and its associated reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and the relevant Georgia state statutes cited hereinabove, and under principles of equity;

     f.    Defendants be ordered to pay damages and the profits from their infringement to Daniel Defense, in amounts as found by the jury;

     g.    The Court determine Remington's conduct herein to have been willful misconduct;

     h.    The Court determine that this case is an "exceptional case" within the meaning of the Lanham Act, and therefore to increase damages and/or profits appropriately;

     i.    Punitive damages be found under Georgia State law in amounts Constitutionally permissible and sufficient fully to deter further such tortious misconduct by Defendants and others in the future;

j.      Canceling any resultant registration from Remington's pending V3 intent-to-use application (having Serial No. 86204307); and

k.      Plaintiff be awarded such other and further relief as the Court may deem just.

Date: May 13, 2015                    By:      /s/ Justin Charles Ward

                                            Justin Charles Ward
                                            Georgia State Bar No. 746408
                                            **Daniel Defense, Inc.**
                                            101 Warfighter Way
                                            Black Creek, GA 31308
                                            Telephone:  (912) 851-3293
                                            Fax: (912) 851-3249
                                            jward@danieldefense.com

                                            *Counsel for Plaintiff*