UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL DEFENSE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 4:15-cv-00135-JRH-GRS |
| | ) |
| REMINGTON ARMS COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to agreement between Plaintiff Daniel Defense, Inc. and Defendant
Remington Arms Company, LLC and with the approval of the Court, this Protective
Order shall govern the production of documents, deposition testimony, and information
designated as Confidential by a party in this action.

### I.    PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to,
and the use and disclosure of, Confidential documents, deposition testimony, and
information produced in this action.

### II.    DESIGNATION OF CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY, AND INFORMATION

Any party or non-party who either produces documents or information, provides
written discovery responses, or gives deposition testimony in this action may designate
such documents, responses, deposition testimony or information as "Confidential" or
"Confidential – Attorneys' Eyes Only" in accordance with the provisions of this
Paragraph II.  The parties and any non-party shall limit to whatever extent possible
designating information as "Confidential" or "Confidential – Attorneys' Eyes Only."

## A.    Criteria For Classification

1.    "Confidential" documents, deposition testimony, or information. A party or non-party may designate documents, deposition testimony, or information as "Confidential" if the party or non-party making such designation reasonably believes that the documents, deposition testimony, or information contains or discloses trade secrets or other confidential technical or commercial information that has not been made public.

"Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information. A party or non-party may designate documents, deposition testimony, or information as "Confidential – Attorneys' Eyes Only" if: (a) the party or non-party making such designation reasonably believes that the documents, deposition testimony, or information satisfy the criteria for designating such documents, deposition testimony, or information as "Confidential" pursuant to Paragraph II(A)(1) above; and (b) the designating party believes, in good faith, the disclosure of the documents, deposition testimony, or information is likely to cause harm to the competitive position of the designating party or non-party holding proprietary rights thereto.  Such "Confidential – Attorneys' Eyes Only" documents, deposition testimony, and information may include, without limitation, source code, trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies, or new product development, testing, manufacturing costs, or information about employees.

## B.    Time Of Designation

Unless otherwise agreed between counsels for the parties, the designation of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, and information shall be made at the following times:

1.    For documents or things, prior to providing the receiving party with a copy of any requested document or thing. Documents and things produced for inspection shall be inspected only by persons entitled to receive "Confidential – Attorneys' Eyes Only" documents, deposition testimony, and information pursuant to Paragraph III(B) below. Between the time of inspection and the time of receipt of a copy of any requested document or thing, the information contained therein shall be treated as "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information and shall not be disclosed or used, except in accordance with the provisions of this Protective Order governing "Confidential – Attorneys' Eyes Only" documents, deposition testimony, and information;

2.    For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

3.    For deposition testimony, at the time such deposition testimony is given, by a statement designating the deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" made on the record or as set forth in Paragraph II(C)(4) below.

To the extent a party or non-party does not timely designate documents, deposition testimony, or information as "Confidential" or "Confidential – Attorneys' Eyes Only" such party or non-party may so designate documents, deposition testimony, or information as provided under Paragraph II(D), below.

### C.    Manner Of Designation

The designation of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information shall be made in the following manner:

1.    For documents, placing the notation "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of such document containing such "Confidential" or "Confidential – Attorneys' Eyes Only" information;

2.      For tangible items, by placing the notation "Confidential" or "Confidential –
Attorneys' Eyes Only" on the object or container thereof or if impracticable, as otherwise
agreed by the parties;

3.      For declarations, written discovery responses, court filings or pleadings,
by placing the notation "Confidential" or "Confidential – Attorneys' Eyes Only" both on
the face of such document and on any particular designated pages of such document;
and

4.      For deposition testimony, by orally designating such deposition testimony
as being "Confidential" or "Confidential – Attorneys' Eyes Only" at the time the
deposition testimony is given. Thereafter, the original and all copies of the "Confidential"
or "Confidential – Attorneys' Eyes Only" portions of the transcript of any such deposition
testimony shall be separately bound and marked by the Court Reporter with the legend
"'CONFIDENTIAL' OR 'CONFIDENTIAL – ATTORNEYS' EYES ONLY.'" Such transcript
and deposition testimony shall be disclosed and used only in accordance with the
provisions of this Protective Order. At the request of Counsel for the designating party
supplying the "Confidential" or "Confidential – Attorneys' Eyes Only" documents,
deposition testimony, or information, only persons entitled under Paragraph III(A)
hereinafter as to "Confidential" and/or Paragraph III(B) hereinafter as to "Confidential –
Attorneys' Eyes Only" information shall be permitted to attend that portion of a
deposition wherever or whenever any such "Confidential" or "Confidential – Attorneys'
Eyes Only" documents, deposition testimony, or information of such designating party is
used or elicited from the deponent.

In addition to the above, counsel for any party or non-party may designate a
deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" by serving upon
counsel for each party a written list of the specific portions as to which such status is
claimed. Such written list must be served within ten (10) business days after transmittal
to counsel of the transcript of such testimony. All deposition testimony shall be treated

as "Confidential – Attorneys' Eyes Only" until the expiration of the ten (10) business day period and, if the aforesaid written list is served upon counsel, shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" as so designated.

### D.   Subsequent Designation

Failure to designate and/or mark any document, deposition testimony or information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, deposition testimony, or information so designated. Such designation and request shall be made in writing. Once notified of the designation, the receiving party, must make reasonable efforts to assure that the document, deposition testimony, or information is thereafter treated in accordance with the provisions of this Order, including making reasonable efforts to recover and return to the designating party all non-designated versions of any document, deposition testimony, or information that contains "Confidential" and/or "Confidential – Attorneys' Eyes Only" information, and to notify all receivers of the non-designated versions of document, deposition testimony, or information of the designation. After such designation, such documents, deposition testimony, or information shall be fully subject to this Protective Order. Provided the receiving party and its counsel act in good faith to secure compliance with the terms of this Protective Order with respect to such "Confidential" and/or "Confidential – Attorneys' Eyes Only" information following its designation, the receiving party and its counsel, shall incur no liability for disclosures made prior to notice of such designation. The designating party may request in writing, and the receiving party shall within ten (10) days of such a request provide, an identification in writing of all persons not qualified under this Protective Order who have received the "Confidential" and/or "Confidential – Attorneys' Eyes Only" information prior to the time it was so designated.

### E.      Resolution Of Disputes Regarding Designation

The acceptance by a party of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information shall not constitute an admission or concession or permit an inference that such "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information are, in fact, "Confidential" or "Confidential – Attorneys' Eyes Only." However, the documents, deposition testimony, or information will be treated as designated unless the receiving party follows the procedures to remove, change, or otherwise declassify the designation as set forth in this Paragraph.

If a receiving party, at any time, wishes to have the "Confidential" or "Confidential – Attorneys' Eyes Only" designation of any particular documents, deposition testimony, or information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason therefor. Within ten (10) business days of the service of such request, counsel for the party or nonparty seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation, or (ii) sending a meet and confer letter, explaining why the party or non-party designating the particular documents, deposition testimony, or information believes it is entitled to the designation. If after a meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party or nonparty seeking confidential treatment may seek permission of the Court to so designate the particular documents, deposition testimony, or information. Unless otherwise extended by consent of the parties, the designating party or nonparty shall file its ex parte application or joint stipulation within 14 days of the meet and confer conference.  The designating party or nonparty shall have the burden of proving that such particular documents, deposition testimony, or information are properly designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to Article II.  If such application or motion is timely made, the parties shall treat the document, deposition

6

testimony, or information as originally designated until the motion is decided by the Court.

## III.   PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY, AND INFORMATION MAY BE DISCLOSED

### A.   Disclosure Of Documents, Deposition Testimony, and Information Designated As "Confidential"

Documents, deposition testimony, or information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

1.   The receiving party's in-house counsel and outside counsel, their associate counsel within their law firms, and such counsels' support staff, legal assistants, and clerical personnel;

2.   Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3.   Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action, and the employees of such experts or consultants who are assisting them, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4.   The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court; and

5.     Up to five (5) party representatives (and such party representatives' support and clerical staff), to be designated by each party by written notice prior to the disclosure of "Confidential" information to such representative.

**B.     Disclosure Of Documents, Deposition Testimony, and Information Designated As "Confidential – Attorneys' Eyes Only"**

Documents, deposition testimony, and information designated as "Confidential – Attorneys' Eyes Only" may be disclosed and copies may be provided by the receiving party only to:

1.     The receiving party's in-house counsel and outside counsel, and such counsel's associate counsel within their law firms, and support staff, legal assistants and clerical personnel;

2.     Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3.     Expert witnesses or consultants, and the employees of such experts or consultants who are assisting them, retained by the receiving party or its respective attorneys in connection with this action, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4.     The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court in which event such information shall be submitted for filing under seal pursuant. Nothing herein shall preclude the receiving party's outside counsel of record from providing advice to its clients based on "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony,

8

and information, without disclosing the substance of the "Confidential" or "Confidential –
Attorneys' Eyes Only" documents, deposition testimony, and information.

    **C.    Additional Authorized Disclosure Of Documents, Deposition
Testimony, or Information Designated As "Confidential" or
"Confidential – Attorneys' Eyes Only"**

Notwithstanding anything to the contrary in Paragraphs III(A) or III(B) above,
particular documents, deposition testimony, and information that have been designated
as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed and copies
may be provided:

    1.    To persons who can be shown from the face of the document to have
authored, prepared, reviewed, or received the document or for whom, at deposition
testimony, a proper foundation has been laid establishing that the witness was a
recipient of the document or the information contained within it;

    2.    To any other persons with the prior written consent of the party or non-
party that designated such particular document, deposition testimony and information as
"Confidential" or "Confidential – Attorneys' Eyes Only;" and

    3.    To any other persons with the prior authorization of the Court.

**IV.    USE OF "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES
ONLY" DOCUMENTS, DEPOSITION TESTIMONY, AND INFORMATION**

    **A.    Use Of Designated Documents and Information**

    1.    "Confidential" or "Confidential – Attorneys' Eyes Only" documents,
deposition testimony, and information shall be used by the receiving parties, their
respective agents, and any other persons to whom such documents, deposition
testimony, and information may be disclosed pursuant to the Protective Order, for no
purpose other than:  (a) the prosecution or defense of this action; or (b) as otherwise

compelled by lawful process (provided the designating other party is given reasonable notice to object); (c) as otherwise required by law; or (d) as permitted by the Court.

2.      Notwithstanding the parties'.designation of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information, any Court hearing that refers to or describes "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information may be held in open court with records unsealed, provided the designating party is afforded reasonable notice of the receiving party's intent to disclose such "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, and information in open court, so that the designating party has a reasonable opportunity to seek to maintain the confidentiality of the "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information. However, any party may request that the proceedings be conducted in camera out of the presence of any unqualified persons, and any transcript relating thereto be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and prepared in accordance with the provisions of Paragraph II(C) above.

3.      The parties shall provide each other with a list of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information to be used at trial at such time as the list of exhibits is ordered by the court to be exchanged among the parties to enable the designating party sufficient opportunity to seek a protective order. Any such "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information which is designated by any party to be introduced at trial may be offered into evidence in open court unless the opposing party obtains an appropriate protective order from the Court before its introduction. Should a party at trial determine that reference to previously unlisted "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information is necessary for impeachment or due to surprise, the provisions of Paragraph IV(A)(2) shall be applied.

10

4.      Nothing in this Protective Order shall affect the admissibility of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information. This Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

5.      In the event any person in receipt of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information shall receive a written request, subpoena, or Court Order seeking disclosure of another party's "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

6.      A party producing any document or thing for inspection may retain the original of such document or thing which is subject to this Protective Order, but the receiving party, by its counsel of record, shall have the right to examine the original, to be provided with a full and complete copy thereof at its expense, and to call for production of the original at the trial of this action, if reasonably necessary.

## V.   DOCUMENTS, DEPOSITION TESTIMONY, AND INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any document, deposition testimony, or information subject to this Protective Order shall not apply to any document, deposition testimony, or information designated as being subject to this Protective Order which: (a) was lawfully in the receiving party's possession prior to the receipt from the supplying party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other party; (d) is discovered independently by the receiving party; or (e) is exempted from the provisions of this Protective Order by written consent of the party producing such "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information.

Notwithstanding the provisions of Article III above, nothing herein shall prevent any producing party from using or disclosing its own "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information as it deems appropriate. Nothing in this Order shall preclude any party from showing an employee of a designating party at a deposition of that employee any "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information of the designating party.

## VI.   RETURN OF DOCUMENTS, DEPOSITION TESTIMONY, OR INFORMATION

Within sixty (60) days after conclusion of litigation, outside counsel for each receiving party or other individual subject to this Protective Order (which does not include the Court and Court personnel) shall be under an obligation to assemble and return to the designating party, or to destroy (and certify the destruction) should the designating party so permit, any document, deposition testimony and information subject to this Protective Order and all copies thereof. Any copy of any document,

deposition testimony or information designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only" containing notes of outside counsel may be destroyed rather than returned. Notice of the return or destruction of any "Confidential" or "Confidential – Attorneys' Eyes Only" document, deposition testimony or information shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information and litigation documents containing "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information which become part of the record of this action, including pleadings, briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.

## VII.  SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information disclosed under protection of this Protective Order.

## VIII.  INADVERTENT PRODUCTION

The inadvertent or mistaken disclosure of any "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information by a producing

13

party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving party promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony, or information was inadvertently disclosed; and upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the producing party.  The receiving party or parties shall promptly return to the producing party such document or thing, including all copies of such document or thing, and portions thereof, and shall not retain any copies thereof. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for any order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

## IX.    NO IMPLIED WAIVER OR ADMISSION

No party shall be obligated to challenge the propriety of any designation of "Confidential" or "Confidential – Attorneys' Eyes Only" documents, deposition testimony,

14

or information by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

## X.   NOTICE AND SERVICE

For purposes of any provisions in this Protective Order requiring or permitting service of a notice, objections, requests, responses, designations or the like, service shall be accomplished either by email or by overnight delivery via a commercial delivery service to all counsel of record.  When served via email, service shall be deemed complete on the date of transmission if the electronic transmission occurs before 6:00 p.m. Eastern time; otherwise, service shall be deemed complete the next business day. Service via overnight delivery shall be deemed complete upon delivery.

IT IS SO ORDERED this _7_th day of _December_, 2015.

_____
Honorable G.R. Smith
U.S. Magistrate Judge

Order prepared by:
/s/ Jason C. Pedigo
Jason C. Pedigo
Georgia Bar No. 140989
Counsel for Defendants
PO Box 9946
Savannah, GA 31412
T: (912) 233-9700
pedigo@epra-law.com

Order stipulated to by:
/s/ Justin C. Ward
Justin Charles Ward
Georgia Bar No. 746408
Attorney for Plaintiff
101 Warfighter Way
Black Creek, GA 31308
T: (912) 851-3293
jward@danieldefense.com

1483877.1