IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DANIEL DEFENSE, INC.,

    Plaintiff,

v.                           CV 415-135

REMINGTON ARMS COMPANY, LLC,

    Defendant.

**O R D E R**

Presently before the Court is Defendant's motion to dismiss or to transfer (Doc. 10). For the reasons below, Defendant's motion is **DENIED**.

## I. BACKGROUND

On May 13, 2015, Plaintiff filed a complaint with this Court alleging that Remington Outdoor Company, Inc., Remington Arms Company, LLC, and RA Brands, LLC, participated in deceptive trade practices and unfair competition. (Compl., Doc. 1.) To this complaint, the defendants filed an answer (Doc. 9) and the instant motion to dismiss or to transfer. Subsequently, however, Plaintiff filed an amended complaint (Doc. 15) alleging wrongdoing exclusively by Defendant Remington Arms Company, LLC. Accordingly, pursuant to the parties' consent motion, the Court dismissed Remington Outdoor Company, Inc., and RA Brands, LLC.

(Doc. 22.) Now, with the instant motion, the Court must decide if the case against Defendant Remington Arms Company, LLC, should also be dismissed or, in the alternative, transferred.

## II. MOTION TO DISMISS

Because Plaintiff filed an amended complaint, its original complaint has been superseded. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)("An amended complaint supersedes an original complaint."). As a result, Defendant's motion to dismiss the original complaint is **DENIED**. See Geathers v. Bank of Am., N.A., No. 1:14-cv-00850, 2015 WL 348852, at *2 (N.D. Ga. Jan. 26, 2015)("The amended complaint renders moot the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded.").

## III. MOTION TO TRANSFER

Alternatively, Defendant asks the Court to transfer this matter to the United States District Court for the Western District of North Carolina. To support its request, Defendant cites to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In considering this motion, the Court notes that venue is proper in

"(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). Here, Defendant is a limited liability company; therefore, Defendant resides "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2).

Within paragraph five of its answer to Plaintiff's amended complaint, Defendant "admits . . . that the Court has personal jurisdiction over it." (Ans. to Am. Compl., Doc. 19.) Thus, for venue purposes, Defendant resides in the Southern District of Georgia, making venue in this district proper. Furthermore, while the Court is permitted to transfer cases - even if venue is proper - on the basis of convenience, Defendant has not asked this Court to do so. See 28 U.S.C. § 1404(a)("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented). Consequently, Defendant's motion to transfer is **DENIED**.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion to dismiss or to transfer (Doc. 10).

**ORDER ENTERED** at Augusta, Georgia, this 28th day of December, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA